UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Case No. 21-CR-223

CRISTINA COLE,

        Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Gregory Haanstad, United States Attorney for the Eastern District of Wisconsin, and Christopher J. Ladwig, Assistant United States Attorney, and the defendant, Cristina Cole, individually and by attorney Michelle Jacobs, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in 3-counts of a 25-count indictment, which alleges violations of Title 18, United States Code, Sections 2(a), 2(b), 371, 554, 922(a)(1)(A), 922(a)(6), 924(a)(1)(D), 924(a)(2), 924(b), 1512(b)(2)(B), 1512(c)(1), and 1512(c)(2), and Title 22, United States Code, Sections 2778(b)(2) and 2778(c), and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, 127.1, and 127.3.

3.    The defendant has read and fully understands the charges contained in the indictment. She fully understands the nature and elements of the crimes with which she has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

4.      The defendant voluntarily agrees to plead guilty to the following count set forth in full in Attachment A.

5.      The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense described in paragraph 4 and set forth in full in Attachment A. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment B beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish her guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

## PENALTIES

6.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty, Count Sixteen, carries the following maximum terms of imprisonment and fines: 10 years' imprisonment, $250,000 fine, a mandatory special assessment of $100, and a maximum of 3 years' supervised release.

7.      The defendant acknowledges, understands, and agrees that she has discussed the relevant statutes as well as the applicable sentencing guidelines with her attorney.

## DISMISSAL OF REMAINING COUNTS

8.      The government agrees to move to dismiss the remaining counts of the indictment against this defendant only at the time of sentencing.

## ELEMENTS

9.      The parties understand and agree that in order to sustain the charge of **making a false statement to a licensed firearms dealer** as set forth in Count Sixteen, the government must prove each of the following propositions beyond a reasonable doubt:

First, the defendant caused to be made a false statement in connection with the attempted

2

Case 2:21-cr-00223-BHL    Filed 02/14/24    Page 2 of 13    Document 133

acquisition of a firearm from a licensed firearms dealer;

<u>Second</u>, the defendant did so knowingly; and

<u>Third</u>, the statement was intended to or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale or other disposition of the firearm.

## **SENTENCING PROVISIONS**

10. The parties agree to waive the time limits in Federal Rule of Criminal Procedure 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

11. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

12. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4 and set forth in full in Attachment A. The defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

13. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

14. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

15. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

## Base Offense Level

16. The parties acknowledge and understand that the government will recommend to the sentencing court that the applicable base offense level for the offense charged in Count Sixteen is 12 under Sentencing Guidelines Manual § 2K2.1(a)(7).

## Specific Offense Characteristics

17. The parties acknowledge and understand that the government will recommend to the sentencing court that a four-level increase for engaging in the trafficking of firearms under Sentencing Guidelines Manual 2K2.1(b)(5) and that a two-level increase under Sentencing Guidelines Manual § 2K2.1(b)(1)(A) are applicable to the offense level for the offense charged in Count Sixteen because the offense, as related to the defendant, involved three firearms. The defendant does not join in this recommendation.

4

### Role in the Offense

18. Pursuant to Sentencing Guidelines Manual § 3B1.2, the defendant is free to recommend a decrease for a mitigating role in the offense.

### Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of her intention to enter a plea of guilty.

### Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any information which might be pertinent to the sentencing process, including but not limited to conduct related to the offense as well as matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. The government agrees to recommend a sentence of 36 months' probation in lieu of imprisonment.

### Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court

5

will make its own determinations regarding any issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## **FINANCIAL MATTERS**

25. The defendant acknowledges and understands that any financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any court imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. If a financial obligation is imposed on the defendant other than the special assessment and it remains outstanding during any period of probation or supervised release, the defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form.

## Fine

27.     The parties agree to recommend to the sentencing court that no fine be imposed against the defendant.

## Special Assessment

28.     The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Forfeiture

29.     The defendant acknowledges and agrees that she has no ownership or other interest in any of the properties listed in the indictment, but nonetheless agrees that any interest she may have will be forfeited, and she agrees to the immediate entry of a preliminary order of forfeiture.

## DEFENDANT'S WAIVER OF RIGHTS

30.     In entering this agreement, the defendant acknowledges and understands that she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

- a. If the defendant persisted in a plea of not guilty to the charges against her, she would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

- b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

- c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

7

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying on to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

31. The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

32. The defendant acknowledges and understands that she will be adjudicated guilty of the offense to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

33. The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

8

### Further Civil or Administrative Action

34. The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement, including any attachment, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

35. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

36. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

37. The parties acknowledge, understand, and agree that the United States Attorney's Office is free to notify any local, state, or federal agency of the defendant's conviction.

38. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

9

## Further Action by Internal Revenue Service

39. Nothing in this agreement shall be construed so as to limit the Internal Revenue Service in discharging its responsibilities in connection with the collection of any additional tax, interest, and penalties due from the defendant as a result of the defendant's conduct giving rise to the charges alleged in the indictment.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

40. The defendant acknowledges and understands if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of her breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

41. The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

# ATTACHMENT A

## COUNT SIXTEEN
*Making a False Statement to a Licensed Firearms Dealer*

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about September 13, 2018, in the State and Eastern District of Wisconsin,

**JESUS CISNEROS-HERNANDEZ,
VICTOR COBIAN,
CRISTINA COLE, and
MICHAEL PRESTON,**

in connection with the attempted acquisition of a firearm from Fletcher Arms, a licensed dealer in Waukesha, Wisconsin, did knowingly make a false statement intended and likely to deceive the licensed dealer with respect to a fact material to the lawfulness of the sale and disposition of such firearm.

2. In connection with the attempted acquisition of a firearm, namely, a Barrett Model 82A1 .50 BMG caliber rifle bearing serial number AA007538, MICHAEL PRESTON did make a false statement on a Firearms Transaction Record (ATF Form 4473) that he was the actual transferee/buyer of the firearm, when, in fact, he was not.

All in violation of Title 18, United States Code, Sections 922(a)(6), 924(a)(2), 2(a), and 2(b), and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## ATTACHMENT B

Had this case proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in this offense.

An individual provided $6,000 to $7,000 to Cristina Cole to purchase a Barrett .50 caliber rifle for the scheme. Cole intended to transfer that firearm to the individual after the purchase. On September 13, 2018, Cole gave the money to her significant other, Michael Preston, to complete the purchase of a Barrett Model 821A .50 BMG rifle bearing serial number AA007538.

Preston completed the ATF Form 4473 and certified that he was, in fact, the "actual transferee/buyer of the firearm(s)," when, in fact, Cole intended to transfer the firearm to the individual. During the background check, Preston was denied the transfer and the firearm was not acquired. Co-Conspirators of the conspiracy in Count One of the indictment ultimately bought the same firearm—the Barrett .50 caliber bearing serial number AA007538 on September 18, 2018 from Fletcher Arms.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 2-6-24

_____
CRISTINA COLE

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 2-6-2024

_____
MICHELLE JACOBS
Attorney for Defendant

For the United States of America:

Date: 2/14/24

_____
GREGORY HAANSTAD
United States Attorney

Date: 2/14/24

_____
CHRISTOPHER J. LADWIG
Assistant United States Attorney

13